UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-443-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEONTAE WILSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 19, 2020, defendant Deontae Wilson ("Wilson" or "defendant") was sentenced to a term of 120 months imprisonment, with credit for time served, following his guilty pleas to conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ (a)(1) and (b)(1)(B), (b)(1)(C); and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. No. 55 (Judgment); *see* Minutes of Proceedings [non-document], 2/19/2020; *see also* Doc. No. 8 (Indictment).) The term of imprisonment was later reduced to 92 months. (Doc. No. 150 (Amended Judgment).)

Now before the Court is Wilson's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 157 (Motion).) Appointed counsel has filed a notice of intent not to supplement defendant's *pro se* motion. (Doc. No. 161 (Notice).) Plaintiff United States of America (the "government") filed

an opposition to the motion. (Doc. No. 160 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Wilson indicates that he believes he qualifies for a reduction under Part A of Amendment 821 relating to status points. (Doc. No. 157, at 1.) The government opposes the motion because Wilson was determined to be a career offender, for which Amendment 821 is inapplicable. (Doc. No. 160, at 1.)

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined Wilson's base offense level to be 28. (*See also* Doc. No. 51 (Final PSR), at 7 ¶ 23.) The Court, however, also determined Wilson to be a career offender, making his base offense level 34. (*See* Doc. No. 71 (Transcript from Sentencing Hearing), at 13; *see also* Doc. No. 51, at 7 ¶ 29.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 31. (*See* Doc. No. 71, at 20; *see also* Doc. No. 51, at 7–8 ¶¶ 30–32.) Wilson had prior convictions for driving under the influence,

criminal damaging/endangering, trafficking with forfeiture (2 separate convictions), and aggravated theft, which collectively scored 4 criminal history points. (*See* Doc. No. 71, at 20; *see also* Doc. No. 51, at 11–13 ¶¶ 48–51, 53, 55.) Because Wilson committed the instant offense while he was on probation for multiple criminal offenses in state court, he received 2 additional "status points" under § 4A1.1(d). (*See* Doc. No. 71, at 21; *see also* Doc. No. 51, at 13 ¶ 56.) With a total of 6 criminal history points, the guidelines dictated that he was a criminal history category III. (*See* Doc. No. 71, at 21; *see also* Doc. No. 51, at 8 ¶ 57.) However, because Wilson was a career offender, his criminal history category was automatically a category VI. (*See* Doc. No. 71, at 21; *see also* Doc. No. 51, at 14 ¶ 58.) The advisory guideline range at offense level 31, criminal history category VI was 188 to 235 months. (*See also* Doc. No. 51, at 20 ¶ 88.) The Court varied downward five levels and sentenced Wilson to a prison term of 120 months. (*See* Doc. No. 71, at 38.) As previously noted, the sentence was eventually reduced to 92 months. (*See* Doc. No. 150.)

Under Part A of Amendment 821, Wilson's criminal history score is reduced to 4, which still corresponds to a criminal history category III. Further, by virtue of his status as a career offender, Wilson's criminal history category must still be VI, and his advisory sentencing guideline range remains 188 to 235 months. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range

3

(citations omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of Wilson's sentence, he is ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Wilson is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 157) is DENIED.

**IT IS SO ORDERED**.

Dated: February 28, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**